# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| TORREY S. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-034 |
| | ) | |
| PENNY HAAS FREESEMANN, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Torrey Scott brings this

42 U.S.C. § 1983 action against the judge and attorneys involved in his

state prosecution.  Doc. 1; *see State v. Scott*, CR14-1888 (Chatham Super.

Ct.) (closed, motion for new trial pending).  The Court granted his request

to pursue his case *in forma pauperis* (IFP), doc. 8, and he returned the

necessary forms.  Docs. 9 & 10.  The Court now screens the Complaint

pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of

any *pro se* complaint that fails to state at least one actionable claim.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Torrey Scott was convicted of murder, rape, burglary, sodomy, kidnapping, theft by taking, armed robbery, and aggravated assault in Chatham County in February 2016, after a trial by jury. Doc. 1 at 1; *Scott*, CR14-1888. He was sentenced to life without parole, and while his motion for a new trial remains pending before the trial court, he has not appealed his conviction or sought habeas relief. Doc. 1 at 2; *but see id.* at 7 (titling his memorandum "Tort Claims — State Court, Motion to Vacate Illegal Sentence § 17-9-4"). He has filed this action alleging that Judge Freesemann, former Assistant District Attorney Frank Pennington II, and defense counsel Richard Darden "co-conspired to charge and prosecute him" without a "true bill" of indictment. Doc. 1 at 5. He also complains that Darden committed malpractice by failing to call the DNA expert witnesses he'd requested. *Id.* For his troubles, he seeks 35 million dollars. *Id.* at 6.

Scott lists claims of "false imprisonment, false arrest, malicious prosecution, and conspiracy" against defendants, and argues Judge Freesemann's "malicious corruption" deprives her of absolute judicial

---

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

immunity. Doc. 1-1 at 2. Apparently, various criminal statutes "were not codified and entered into law by the Georgia State Legislature: the General Assembly, and therefore don't exist in the current state as valid official laws, said statutes are void and an offense created by them is not a crime, and a conviction under them cannot be a legal cause of imprisonment." *Id.* at 4.[2] He thus seeks "that the judgment, conviction, and sentence made Feb. 26th 2016 to case #CR14-1888-JI be vacated, all charges be acquitted and Plaintiff be discharged from false imprisonment immediately and without further delay." *Id.*

The Court has an obligation to liberally construe *pro se* pleadings. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). It also has an obligation to take a Complaint's

---

[2] Of course, the statutes he lists — O.C.G.A. §§ 16-7-24(a) (felony criminal interference with government property), 16-10-24(b) (misdemeanor criminal interference with government property), 16-5-60 (reckless conduct by an HIV-infected person), 16-11-37 (terroristic threats and acts), 16-7-21 (criminal trespass), and 16-10-94 (tampering with evidence) — *are* valid criminal offenses, under which a defendant may be charged by the State. As are the crimes for which Scott was *convicted*: O.C.G.A. §§ 16-5-40 (felony kidnapping), 16-5-21 (aggravated assault), 16-7-1 (burglary), 16-5-41 (false imprisonment), 16-6-22.2 (aggravated sexual battery), 16-6-2(a)(2) (aggravated sodomy), 16-6-1 (rape), 16-8-41 (armed murder), 16-5-1(a) (malice murder), 16-8-2 (theft by taking). *Scott*, CR14-1888.

allegations as true, at the screening stage. *See supra* n. 1. Abiding by those obligations, if not stretching them to their breaking point, the Court might construe plaintiff's allegations as waving at claims of false arrest or false imprisonment, malicious prosecution, or conspiracy. *Ortega v. Christian*, 85 F.3d 1521, 1525 & 1526 (11th Cir. 1996) ("[a] warrantless arrest without probable cause violates the Fourth Amendment and forms the basis for a section 1983 claim" and "detention on the basis of a false arrest presents a viable section 1983 action" for false imprisonment); *see Wallace v. Kato*, 549 U.S. 384, 38990 (2007) ("false imprisonment ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges."), *id.* at 390 (once an arrestee's unlawful detention becomes a product of legal process, his continued custody may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process."); *but see Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003) (an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor — a conviction and life

sentence certainly don't qualify).  Scott's Complaint, however, is dead on arrival.

It's untimely.  The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts."  *Wallace*, 549 U.S. at 387 (cite omitted).  Under Georgia law, the statute of limitations for such claims is two years.  O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant.  *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*); *see also Mullinax v. McElhenney*, 817 F.2d 711, 715 (11th Cir. 1987) (conspiracy claims are also subject to O.C.G.A. § 9-3-33's two-year clock). Scott knew about these defects, at the latest, by the time he filed his first motion for a new trial with the Superior Court.  *Scott*, CR14-1888 (Feb. 26, 2016 motion).  This Complaint was not signature-filed until January 8, 2019 — nearly three years later.  He's out of time.

Moreover, Scott has sued individuals not subject to § 1983 liability under any theory.  Judges, like Judge Freeseman, are *absolutely immune* from civil liability for acts taken pursuant to their judicial authority, *see,*

*e.g., Forrester v. White*, 484 U.S. 219, 227-29 (1988), even when the judicial

acts are done *maliciously* or *corruptly*. *Stump v. Sparkman*, 435 U.S. 349,

356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). District

attorneys too are immune from § 1983 liability where their alleged

malfeasance stemmed entirely from their "function as advocate." *Jones v.

Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity

extends to a prosecutor's 'acts undertaken . . . in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course

of his role as an advocate for the State. . . .'"); *see Imbler v. Pachtman*, 424

U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir.

2013) (prosecutor entitled to absolute immunity for initiating prosecution

even if he did so with malicious intent). And defense counsel, whether

court-appointed or privately retained, does not qualify as a state actor for

purposes of § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 318 n.

7 (1981) ("[A] lawyer representing a client is not, by virtue of being an

officer of the court, a state actor 'under color of state law' within the

meaning of § 1983."); *Pearson v. Myles*, 186 F. App'x 865, 865 (11th Cir.

2006) (court-appointed defense counsel did not act under color of state law

and thus was not subject to liability under § 1983); *Deas v. Potts*, 547 F.2d

800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law."), *cited in Robinson v. Bernie*, 2007 WL 80870 at *1 (S.D. Ga. Jan. 8, 2007).[3] Simply put, even if Scott had timely pursued his claim he could not sue any of these defendants.

Even if not barred by the defendants' various immunities or the statute of limitations, finally, plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) to the extent he seeks to "vacate" his "illegal" state conviction and be "release[d] from false imprisonment." Doc. 1 at 7 & 16. A challenge to the fact or duration of a prisoner's confinement — regardless of the label the plaintiff places on the action — is properly treated as a habeas corpus claim, *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982), and those claims simply are not cognizable under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because Scott's claims would plainly impugn the validity of his conviction, which has not

---

[3]  To the extent plaintiff seeks to bring a legal malpractice claim against Darden, such a claim is governed by state law and must be brought in state court. *See e.g., Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (federal law does not provide a cause of action for legal malpractice); *Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 825 (11th Cir. 1982) (federal courts lack jurisdiction over legal malpractice under state law because diversity is lacking and the claim does not present a federal question).

been invalidated or otherwise set aside, they are barred under *Heck*. *See e.g., Pritchett v. Farr*, 592 F. App'x 816, 817 (11th Cir. 2014). Plaintiff's only recourse is a habeas action, and before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

In summary, and for myriad reasons, plaintiff's Complaint against defendants Penny Haass Freeseman, Richard Darden, and Frank Pennington II should be **DISMISSED**. Although the Court sees no apparent basis upon which the deficient claims could be amended, plaintiff's opportunity to object to this Report and Recommendation within 14 days affords him an opportunity to resuscitate them. He may submit a Second Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

[4]   The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 27th day of February, 2019.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA